UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERNELL JEFFREY LONG,

Plaintiff,

v.

ALPHABET INC., et al.,

Defendants.

Case No. 25-cv-09760-WHO

**ORDER GRANTING MOTION TO COMPEL**

Re: Dkt. Nos. 15, 16

Defendants move to compel arbitration and, in the alternative, move to dismiss plaintiff Pernell Jeffrey Long's Complaint asserting numerous causes of action stemming from defendants' termination of his Google Ads account and ability to use Google Ads to advertise his Dawg Paw Tax Firm business. *See* Dkt. Nos. 1, 15, 16. Long was on inquiry notice of the arbitration provision in the Google Ad Terms. The arbitration clause applies and defendants' motion to compel arbitration and stay this case is GRANTED. Defendants' motion to dismiss is DENIED as moot. The issues can be raised in arbitration.

## LEGAL STANDARD

"Under an inquiry theory of notice, contracts are formed between website users and operators only where '(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms.'" *Godun v. JustAnswer LLC*, 135 F.4th 699, 709 (9th Cir. 2025) (quoting *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022)).

"The first step of the inquiry-notice internet contract formation test asks whether 'the website provides reasonably conspicuous notice of the terms to which the consumer will be bound' . . . This test has two aspects: the visual design of the webpages and the context of the

United States District Court
Northern District of California

transaction. Both aspects 'should be considered together.'" *Godun*, 135 F.4th at 709 (quoting *Keebaugh v. Warner Bros. Ent. Inc*., 100 F.4th 1005, 1018 (9th Cir. 2024) and *Chabolla v. ClassPass Inc*., 129 F.4th 1147, 1155 (9th Cir. 2025)).  Visual conspicuousness looks to various factors "such as the location of the advisal on the webpage or the font size, color, and contrast (against the page's background)," *Godun*, 135 F.4th at 709, as well as whether the disclosure language is otherwise prominent or hidden on a cluttered page.  *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 473 (2021) ("These criteria include: (1) the size of the text; (2) the color of the text as compared to the background it appears against; (3) the location of the text and, specifically, its proximity to any box or button the user must click to continue use of the website; (4) the obviousness of any associated hyperlink; and (5) whether other elements on the screen clutter or otherwise obscure the textual notice.").

"Together with the visual prominence of an advisal," courts must also consider the "full context of the transaction" including whether the type of transaction contemplates entering into a "continuing, forward-looking relationship that would be governed by terms and conditions." *Godun*, 135 F.4th at 710 (citing *Keebaugh*, 100 F.4th at 1017). For an internet contract to be valid, a website or app must either place the user on actual notice of the agreement or "put[] a reasonably prudent user on inquiry notice of the terms of the contract." *Nguyen v. Barnes & Noble Inc*., 763 F.3d 1171, 1177 (9th Cir. 2014).  Whether a particular website reasonably communicated the existence of the terms is a fact-intensive inquiry that "depends on the design and content of the website and the agreement's webpage." *Id*.

**DISCUSSION**

Defendants present evidence that Long created his Google Ads account on September 1, 2021.  Supplemental Declaration of Armete Mobin [Dkt. No. 22], ¶ 5.  On that date, in order to create a Google Ads account, Long was presented with a "Confirm payment info" page where he was required to type in his credit card information and was warned "By continuing, you agree to the Google Ad Terms.  They include the use of binding arbitration to resolve disputes rather than jury trials or class actions.  Please follow the directions in the terms below if you wish to opt out of this provision." *Id*., Ex. C.  Immediately below this disclaimer language was a "Submit" action

2

button that users had to select in order to create their Google Ads account. According to Google, Long proceeded to create his Google Ads account and agreed to the Terms. *Id.*, Ex. D. There is no evidence that Long opted out of the arbitration provision. *Id.* ¶ 6.

Long does not dispute the date he created his Google Ads account on September 1, 2021, does not dispute that he did not opt out of the arbitration provision, and does not dispute that the Terms then in place – if enforceable – would require arbitration of this dispute. *See* Declaration of Armete Mobin [Dkt. No. 15-4], Ex. B ("Google, LLC Advertising Program Terms"). Instead, he argues that defendants have not "proven" Long personally created the account at issue and he challenges the "authenticity" of the evidence submitted by defendants. *See* Opposition to Motion to Compel ("Oppo. to MTC," Dkt. No. 17) at 16-17; Plaintiff's Opposition to Supplemental Filings ("Supp. Oppo.," Dkt. No. 23) at 3. He presents no evidence or plausible reason to doubt the statements and exhibits submitted by defendants that show the date he created his Google Ads account and, by doing so, agreed to the Google Ad Terms including the arbitration agreement.[1]

Long also argues that arbitration cannot be forced on him because there is a lack of mutuality to the agreement, a lack of consideration in support of the agreement, a lack of document signed by both Google and Long, and no evidence that his waiver of the right to proceed in court was "clear and unmistakable." Oppo. to MTC at 9-11, 15-17. But the test for enforceability is whether Long was on inquiry notice under the binding Ninth Circuit cases identified above.

The evidence shows that by creating a Google Ads account, Long was on inquiry notice of the hyperlinked Google Ad Terms, specifically identifying the agreement to arbitrate and the ability to opt-out of arbitration. The size of the font in the disclosure language, the use of typical

---

[1] Long argues that the "web-link provided in Defendants' 'Notice of Dispute' letter" mailed to him by Google at some uncertain date led only to "their general website terms, not the arbitration-specific terms they allege" now. Supp. Oppo. at 3. The legally determinative question, however, is what the account creation page looked like when Long created his account and whether the disclosures were sufficient to show that he was on inquiry notice of the Terms and arbitration agreement. Long also argues that the evidence in the Supplemental Mobin declaration is from 2026 and therefore "irrelevant" to plaintiff's 2021 signup. *Id.* However, Mobin declares that Google's records *printed* in 2026 demonstrate that Long agreed to the Terms on September 1, 2021. *See* Supp. Mobin Decl., ¶ 5 & Ex. D.

blue font denoting a hyperlink, the placement of the disclosure immediately above the Submit action button, the uncluttered nature of the page, and the specific calling of the arbitration agreement, all support my finding that Long was on inquiry notice that by proceeding to create his account, he agreed to the arbitration provision. The context of the relationship between Long and defendants also supports inquiry notice. As Long points out, the two were entering into an ongoing business relationship. Supp. Oppo. at 2-3.

Long next argues that the arbitration agreement is procedurally unconscionable because it was not negotiable. Oppo. to MTC at 18. But because the agreement provided an opportunity to opt out, that argument fails. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (finding arbitration agreement not procedurally unconscionable when plaintiff could opt out within 30 days by mail-in form). He then argues it is unconscionable because it is one-sided and denies plaintiff the ability to select a neural arbitrator. *Id*. at 4. The case Long relies on found substantive unconscionability where the agreement at issue precluded the use of "institutional arbitration administrators, namely AAA or JAMS, which have established rules and procedures to select a neutral arbitrator." *Chavarria v. Ralphs Grocery Co*., 733 F.3d 916, 923 (9th Cir. 2013). That case is inapposite since the arbitration agreement in the Google Ad Terms provides for use of AAA. Mobin Decl., Ex. B at § 13C. Long also argues the arbitration agreement is unfair, Oppo. at 12-13, but does not identify any specific provisions in the agreement to support an unfairness argument.

Finally, Long argues that his civil rights claims and claims for public injunctive relief cannot be subject to arbitration because they fall outside the scope of the agreement and are not arbitrable under *McGill v. Citibank, N.A*., 2 Cal.5th 945 (2017). *Id*. at 13, 20. However, whether particular claims Long seeks to assert against defendants fall within or outside the scope of the arbitration agreement can be determined by the arbitrator. Any claims that fall outside the scope of the agreement may be reasserted here following the determination of the arbitrator on the arbitrable claims. *See, e.g., Stout v. Grubhub Inc*., No. 21-CV-04745-EMC, 2021 WL 5758889, at *11 (N.D. Cal. Dec. 3, 2021) "litigation of the claim for public injunctive relief shall be stayed so that arbitration of all the substantive claims (including liability on the Section 17500 claim) and

United States District Court
Northern District of California

the request for private injunctive relief can proceed first.").

**CONCLUSION**

The motion to compel is GRANTED.  The motion to dismiss DENIED as moot.  This case is STAYED during the pendency of arbitration.  The Clerk shall administratively close the file. This Order shall not be considered a dismissal or disposition of this action against any party.  If further proceedings become necessary, any party may initiate them following the conclusion of arbitration in the same manner as if this case had not been administratively closed.

**IT IS SO ORDERED.**

Dated: April 15, 2026

William H. Orrick
United States District Judge

United States District Court
Northern District of California

5